UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

| | | |
|---|---|---|
| STEVEN JOHN PEREZ, | ) | No. CV 14-8168-DSF (PLA) |
| Petitioner, | ) | |
| | ) | **ORDER TO SHOW CAUSE RE: DISMISSAL** |
| v. | ) | **OF SUCCESSIVE PETITION** |
| TIM PEREZ, | ) | |
| Respondent. | ) | |

Steven John Perez ("petitioner") initiated this action on October 22, 2014, by filing a Petition for Writ of Habeas Corpus by a Person in State Custody pursuant to 28 U.S.C. § 2254 (the "Petition"). The instant Petition challenges his 2002 conviction in the Los Angeles County Superior Court in Case No. KA055846. (Petition at 2).

The Court observes that on June 17, 2004, petitioner filed an earlier habeas petition in this Court, Case No. CV 04-4363-DSF (PLA), which also challenged his 2002 conviction. The 2004 petition was dismissed on the merits with prejudice pursuant to the Judgment entered on December 12, 2005.

A federal habeas petition is successive if it raises claims that were or could have been adjudicated on the merits in a previous petition. Cooper v. Calderon, 274 F.3d 1270, 1273 (9th Cir. 2001) (per curiam), cert. denied, 538 U.S. 984, 123 S.Ct. 1793 (2003). The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") provides that a claim presented in a second or

1  successive federal habeas petition that was not presented in a prior petition shall be dismissed

2  unless:

> (A) the applicant shows that the claim relies on a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable; or

> (B)(i) the factual predicate for the claim could not have been discovered previously through the exercise of due diligence; and

> (ii) the facts underlying the claim, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that, but for constitutional error, no reasonable factfinder would have found the applicant guilty of the underlying offense.

28 U.S.C. § 2244(b)(2)(A), (B).

Furthermore, "[b]efore a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application." 28 U.S.C. § 2244(b)(3)(A).

In his 2004 federal habeas challenge, petitioner raised the following claims, among others: (1) the evidence was insufficient to support the conviction for making criminal threats; and (2) the trial court abused its discretion when it refused to strike petitioner's prior conviction. As mentioned above, the action was dismissed on the merits and with prejudice. (See Order Adopting Magistrate Judge's Report and Recommendation and Judgment in CV 04-4363-DSF (PLA), both entered on December 12, 2005).

In the instant Petition, petitioner again sets forth the claims that the evidence was legally insufficient to support a conviction for uttering criminal threats, and that the trial court abused its discretion when it refused to strike a prior conviction. (See Petition at 5). However, even if petitioner were seeking to present *new* claims in the instant Petition -- which he is not -- he nevertheless is required to seek authorization from the Ninth Circuit before filing a successive petition. 28 U.S.C. § 2244(b)(3)(A). There is no indication that petitioner has obtained such permission from the Ninth Circuit. See Burton v. Stewart, 549 U.S. 147, 153, 127 S.Ct. 793, 166 L.Ed.2d 628 (2007) (AEDPA requires petitioner to receive authorization from the Court of Appeals before filing a second habeas petition). It therefore appears that the Court is without jurisdiction

1  to entertain the current Petition under 28 U.S.C. § 2244(b).  See id.; Cooper, 274 F.3d at 1274

2  ("'When the AEDPA is in play, the district court may not, in the absence of proper authorization

3  from the court of appeals, consider a second or successive habeas application.'").

4      Accordingly, petitioner is **ordered to show cause** why the instant Petition should not be

5  dismissed as successive.  Specifically, petitioner must submit to the Court **on or before**

6  **December 22, 2014**, documentation showing that, pursuant to 28 U.S.C. § 2244(b)(3)(A), he

7  properly filed a motion in the Ninth Circuit for an order authorizing the district court to consider a

8  successive petition, and that the Ninth Circuit issued such an order.  **Failure to respond by**

9  **December 22, 2014, or failure to show that he has obtained authorization to file a**

10  **successive petition, will result in the Court issuing a recommendation that the instant**

11  **Petition be dismissed without prejudice.**[1]  See Reyes v. Vaughn, 276 F.Supp.2d 1027, 1029-30

12  (C.D. Cal. 2003) (dismissing successive petition without prejudice to petitioner's right to seek

13  authorization from the Ninth Circuit).

14      **The Court's October 28, 2014, Order Requiring Response to Petition is hereby**

15  **vacated pending the outcome of this Order to Show Cause.  Respondent's November 24,**

16  **2014, Application for Extension of Time is denied as moot**.

17

18  DATED: November 24, 2014

19                          PAUL L. ABRAMS
                          UNITED STATES MAGISTRATE JUDGE

20

21

22

23

24

---

25      [1]   In the event that petitioner has not complied with 28 U.S.C. § 2244(b)(3)(A), he is
  advised that if he wishes to make a successive habeas application, he must file a "Motion for
26  Order Authorizing District Court to Consider Second or Successive Petition Pursuant to 28 U.S.C.
  § 2244(b)(3)(A)" directly with the Ninth Circuit.  Until the Ninth Circuit issues such an order, any
27  direct or implied request for a second or successive petition for writ of habeas corpus is barred by
  § 2244(b) and must be dismissed **without prejudice** to petitioner's right to seek authorization from
28  the Ninth Circuit to file the petition.