UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

| | |
|---|---|
| STEVEN JOHN PEREZ, | ) No. CV 14-8168-DSF (PLA) |
| Petitioner, | ) |
| v. | ) **ORDER RE VOLUNTARY DISMISSAL OF PETITION FOR WRIT OF HABEAS CORPUS PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 41(a)(1)** |
| TIM PEREZ, | ) |
| Respondent. | ) |

**I.**

**BACKGROUND**

On October 22, 2014, petitioner filed a Petition for Writ of Habeas Corpus by a Person in State Custody pursuant to 28 U.S.C. § 2254 ("Petition" or "Pet."). The Petition challenges his 2002 conviction in the Los Angeles County Superior Court in case number KA055846. (Pet. at 2).

On November 24, 2014, the Magistrate Judge issued an order requiring petitioner to show cause, on or before December 22, 2014, why the Petition should not be dismissed as successive. (Dkt. No. 8). When, as of February 13, 2015, petitioner had not filed a response to the order to show cause, the Magistrate Judge issued a Report and Recommendation recommending that the petition be dismissed as successive. (Dkt. No. 17). On February 20, 2015, petitioner filed a request for an extension of time to file an answer to the order to show cause (Dkt. No. 18), and

a motion for an order directing the clerk to provide petitioner with a copy of the case docket and the November 24, 2014, order to show cause. (Dkt. No. 19). On February 23, 2015, the Magistrate Judge denied petitioner's request for an extension of time to file an answer, and ordered the court clerk to provide petitioner with a copy of the docket, the November 24, 2014, order to show cause, the Report and Recommendation, and the Notice of Filing of the Report and Recommendation. (Dkt. No. 20). The Magistrate Judge also extended the deadline for petitioner to file objections to the Report and Recommendation to March 19, 2015. (Dkt. No. 20).

On March 9, 2015, petitioner filed four documents:

(1) "Petitioner Declines to Object to Report and Recommendation of U.S. Magistrate Judge" ("Notice") (Dkt. No. 21);

(2) "Petitioner's Response to This Court's Order to Show Cause, Dismissal of Successive Petition" ("Response") (Dkt. No. 22);

(3) "Petitioner's Request to File an Amended Petition Under 28 U.S.C. 2254" ("Request") (Dkt. No. 23); and

(4) "Petitioner's Request for Stay and Abeyance, Under Code of Civil Procedure, Rule 62(b)(2)" ("Stay Request") (Dkt. No. 24).

## II.

## **DISCUSSION**

### A.  NOTICE OF VOLUNTARY DISMISSAL

In his Notice, petitioner states that he declines to object to the Magistrate Judge's February 13, 2015, Report and Recommendation and "elects to withdraw the petition as it is successive." (Notice at 1). The Court construes this document as a notice of voluntary dismissal pursuant to Federal Rule of Civil Procedure 41(a)(1). Petitioner's Response confirms that petitioner "voluntarily seeks of the court to withdraw the petition initiated on October 22, 2014." (Response

at 1). In the Response, petitioner also indicates that he "has drafted another petition, an amended petition, and will pursue its filing with this court." (Response at 2).[1]

Rule 41 of the Federal Rules of Civil Procedure ("Rule 41") allows for the voluntary dismissal of an action by a plaintiff (or petitioner)[2] without prejudice and without a court order before the opposing party serves either an answer or a motion for summary judgment. Fed. R. Civ. P. 41(a)(1); Hamilton v. Shearson-Lehman Am. Express, Inc., 813 F.2d 1532, 1534 (9th Cir. 1987). Respondent has not filed either an answer or a motion for summary judgment.

Accordingly, the Court finds that dismissal of the Petition is warranted.

**B.   REQUEST TO FILE AN AMENDED PETITION AND STAY REQUEST**

In his Request, petitioner acknowledges that the instant Petition "has been determined to be successive," and states that he has drafted an Amended Petition, which is attached to the Request. (Request at 1-2, Request Attach.). The Amended Petition again challenges petitioner's 2002 conviction in the Los Angeles County Superior Court in case number KA055846. (Request Attach. at 2). Petitioner advises the Court "that the sole ground [in the Amended Petition] is not exhausted of state court remedy." (Request at 2). He notes that he has, therefore, filed a habeas corpus petition in the Los Angeles County Superior Court and intends to follow that petition with petitions in the higher California courts. (Id.). Finally, he states: "Petitioner was not aware of the exhaustion requirement, and prematurely filed in this court." (Id.).

---

[1]   No Court action is required with respect to petitioner's Response.

[2]   Rule 12 of the Rules Governing Section 2254 Cases in the United States District Courts provides that "[t]he Federal Rules of Civil Procedure, to the extent that they are not inconsistent with any statutory provisions or these rules, may be applied to a proceeding under these rules." See also Hilton v. Braunskill, 481 U.S. 770, 776 & n.5 (1987) (Federal Rules of Civil Procedure may be applied to habeas petitions so long as they are not inconsistent with the Rules Governing Section 2254 Cases). The Rules Governing Section 2254 Cases do not contain a specific provision addressing voluntary dismissals. See Clark v. Tansy, 13 F.3d 1407, 1411 (10th Cir. 1993) (applying Rule 41 to a petitioner's request for voluntary dismissal of his habeas petition); Williams v. Clarke, 82 F.3d 270, 273 (8th Cir. 1996) ("a Rule 41(a)(1) voluntary dismissal is both appropriate and consistent with the rules governing habeas cases"); Woods v. Knowles, 2003 WL 21767470, at *1 (N.D. Cal. 2003). Thus, Rule 41, which otherwise governs such dismissals, is applicable to this habeas action.

In his Stay Request, petitioner again acknowledges that the instant Petition -- which he seeks to voluntarily dismiss (see, e.g., Notice) -- was "mistakenly filed prematurely . . . [and] is successive and warrants dismissal." (Stay Request at 2). He requests the Court accept his Amended Petition for filing and then stay the action while he seeks to exhaust the Amended Petition's single ground for relief in the California courts.[3] (Request at 1-2; Stay Request at 2). He states that on March 15, 2015, he filed a habeas petition in the California Superior Court, and states that he is making "every attempt to re-submit in the next higher court." (Id.). Petitioner requests a stay until March 5, 2016, to complete exhaustion of his claim. (Id.).

Petitioner appears to confuse the requirement of exhaustion of state court remedies with the prohibition against unauthorized second or successive federal habeas petitions. Exhaustion requires a federal habeas petitioner to fairly present his federal claims to the state's highest court before a federal court may consider granting habeas relief. 28 U.S.C. § 2254(b)(1)(A); Duncan v. Henry, 513 U.S. 364, 365, 15 S. Ct. 887, 130 L. Ed. 2d 865 (1995) (per curiam). With regard to second or successive federal habeas petitions, a claim presented in a second or successive *federal* habeas petition that *was* or *could have been* adjudicated on the merits in a previous *federal* habeas petition, shall be dismissed unless certain conditions are met and, even if those conditions are met, a petitioner is required to "move in the appropriate court of appeals for an order authorizing the district court to consider the application." 28 U.S.C. § 2244(b)(2). In this case, that would be the Ninth Circuit Court of Appeals. (See Report and Recommendation (Dkt. No. 17) at 3-4).

Here, not only is petitioner's single claim in the Amended Petition admittedly unexhausted, but the Amended Petition is just as successive as the instant Petition -- which petitioner has voluntarily dismissed for that very reason.[4]

---

[3] In the Amended Petition, Petitioner contends that his state-court sentence is unauthorized. (Attach. at 5-5B).

[4] Should petitioner obtain permission from the Ninth Circuit Court of Appeals to file a successive petition in this Court, such an action may also be subject to dismissal if petitioner's claim(s) have not been fairly presented to the state's highest court.

4

## III.

## ORDER

As petitioner may dismiss the action even without a court order since no answer has been served, the Court hereby **dismisses the Petition** without prejudice to petitioner filing a new action **if and when he obtains permission to file a successive petition.**[5] In light of the voluntary dismissal of this action, and as his proposed Amended Petition is also successive, as well as unexhausted, petitioner's Request to file an Amended Petition, and his related Stay Request, are **denied**.

DATED: 3/16/15

_____
HONORABLE DALE S. FISCHER
UNITED STATES DISTRICT JUDGE

---

[5] Petitioner is advised that if he wishes to make a successive habeas application, he must file a "Motion for Order Authorizing District Court to Consider Second or Successive Petition Pursuant to 28 U.S.C. § 2244(b)(3)(A)" directly with the Ninth Circuit Court of Appeals. Until the Ninth Circuit issues such an order, any direct or implied request for a second or successive petition for writ of habeas corpus is barred by § 2244(b) and must be dismissed **without prejudice** to petitioner's right to seek authorization from the Ninth Circuit to file the petition.

If petitioner obtains permission from the Ninth Circuit Court of Appeals to file a successive petition, he should file a new petition for writ of habeas corpus. He should not file an amended petition in this action or use the case number from this action because the instant action is being closed today. If petitioner files a new petition, the Court will give that petition a new case number.